NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office
ROBERT S. TRISOTTO (Cal. Bar No. 314178)
Assistant United States Attorney
Riverside Branch Office
     3403 Tenth Street, Suite 200
     Riverside, California 92501
     Telephone: (951) 276-6211
     Facsimile: (951) 276-6202
     E-mail:    Robert.Trisotto@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CHANG YU HE, et al., <br> (1) CHANG YU HE, <br><br> Defendant. | No. ED CR 20-00070-MWF-1 <br><br> PLEA AGREEMENT FOR DEFENDANT CHANG YU HE |

1.  This constitutes the plea agreement between CHANG YU HE ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.  Defendant agrees to:

a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the indictment in *United States v. He*, et al., ED CR No. 20-00070-MWF-1, which charges defendant with Conspiracy to Commit Marriage Fraud, in violation of 18 U.S.C. § 371.

b. Agree that all court appearances, including his change of plea hearing and sentencing hearing, may proceed by video-teleconference ("VTC") or telephone, if VTC is not reasonably available, so long as such appearances are authorized by General Order 20-043 or another order, rule, or statute. Defendant understands that, under the Constitution, the United States Code, the Federal Rules of Criminal Procedure (including Rules 11, 32, and 43), he may have the right to be physically present at these hearings. Defendant understands that right and, after consulting with counsel, voluntarily agrees to waive it and to proceed remotely. Defense counsel also joins in this consent, agreement, and waiver. Specifically, this agreement includes, but is not limited to, the following:

i. Defendant consents under Section 15002(b) of the CARES Act to proceed with his change of plea hearing by VTC or telephone, if VTC is not reasonably available.

ii. Defendant consents under Section 15002(b) of the CARES Act to proceed with his sentencing hearing by VTC or telephone, if VTC is not reasonably available.

iii. Defendant consents under 18 U.S.C. § 3148 and Section 15002(b) of the CARES Act to proceed with any hearing regarding alleged violations of the conditions of pretrial release by VTC or telephone, if VTC is not reasonably available.

2

c. Not contest facts agreed to in this agreement.

d. Abide by all agreements regarding sentencing contained in this agreement.

e. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

f. Not commit any crime or any act constitution obstruction of justice; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

g. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

h. Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

3. Defendant further agrees:

a. To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, or involved in the illegal activity to which defendant is pleading guilty, specifically including, but not limited to, the following:

i. LG Aristo 2 cell phone S/N 806CQRN118158 (FP&F# 2020-2704-0004-0801); and

ii. $7,190 in U.S. currency seized on March 12, 2020 (FP&F# 2020-3501-0007-9401) (together with the phone identified above, the "Forfeitable Property").

     b.    To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Property and to the forfeiture of the property.

     c.    To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Property, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

     d.    Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Property. If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Property on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Property.

     e.    Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Property.

     f.    Not to claim that reasonable cause to seize the Forfeitable Property was lacking.

     g.    To prevent the transfer, sale, destruction, or loss of any and all assets described above to the extent defendant has the ability to do so.

     h.    To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

///

   i. That forfeiture of Forfeitable Property shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

   j. With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal, and equitable defenses to the forfeiture of the Forfeitable Property in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment.  Defendant acknowledges that forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty pleas.

<u>THE USAO'S OBLIGATIONS</u>

4. The USAO agrees to:

   a. Not contest facts agreed to in this agreement.

   b. Abide by all agreements regarding sentencing contained in this agreement.

   c. At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable

Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

   d. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

   e. Because the justice system is facing an unprecedented crisis through the backlog of cases, the parties agree that the defendant is entitled to a two-level variance as recognition of defendant's early acceptance of responsibility, which will lessen the burden on the court system by: (1) waiving any right to presence and pleading guilty at the earliest opportunity by VTC (or telephone, if VTC is not reasonably available); (2) waiving any right to presence and agreeing to be sentenced by VTC (or telephone, if VTC is not reasonably available) should the Central District of California's General Order allow for it; (3) agreeing to appear at all other times by VTC or telephone; and (4) waiving all appellate rights.

   f. Should the Court sentence defendant to a term of imprisonment, recommend that defendant not be required to self-surrender to serve his sentence until on or about February 1, 2021, unless defendant violates the conditions of his bond.

## NATURE OF THE OFFENSE

 5. Defendant understands that for defendant to be guilty of the crime charged in count one of the indictment, that is, Conspiracy to Commit Marriage Fraud, in violation of 18 U.S.C. § 371, the following must be true:

a. Beginning on a date unknown, and ending on or about March 12, 2020, there was an agreement between two or more persons to commit a violation of 8 U.S.C. § 1325(c) (Marriage Fraud);

b. Defendant became a member of the conspiracy knowing of at least one of its objects and intended to help accomplish it; and

c. One of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

## PENALTIES

6. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 371, is: 5 years' imprisonment; a 1-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a

federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

## FACTUAL BASIS

10. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree

8

that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning on a date unknown, but no later than January 19, 2018, defendant agreed with co-conspirators Xiulan Wang ("WANG"), Huanzhang Wu ("WU"), Zhongnan Liu ("LIU"), or Xiaojun Han ("HAN") to commit violations of 8 U.S.C. § 1325(c), Marriage Fraud (the "Conspiracy").

Defendant became a member of the Conspiracy knowing that an object of the Conspiracy was to assist Chinese-nationals -- including WU, LIU, and HAN -- in knowingly and unlawfully entering into marriages with United States citizen spouses for the purpose of evading a provision of the immigration laws of the United States, without intended to establish a life together as husband and wife, in violation of 8 U.S.C. § 1325(c), and intending to help accomplish that object of the Conspiracy. Specifically, defendant planned to arrange fraudulent marriages between the following:

(1) WU, a foreign national client, and "Tonya," a United States citizen who defendant did not know was actually an undercover law enforcement officer ("UC-1");

(2) LIU, a foreign national client, and "Gigi," a United States citizen who defendant did not know was actually an undercover law enforcement officer ("UC-2"); and

(3) HAN, a foreign national client, and "Martin," a United States citizen who defendant did not know was actually an undercover law enforcement officer ("UC-3").

Defendant knew that all three of these marriages were solely intended to obtain immigration benefits for the foreign national clients (WU, LIU, and HAN), namely, legal permanent resident status in the United States, and were without the intent to establish a life together as husband and wife.

For the purpose of carrying out the Conspiracy, defendant performed the following, among other, overt acts, some of which took place in Los Angeles County, California:

**Co-Conspirator WANG**

- On January 19, 2018, defendant met with WANG, "Dina," and "Kim," both United States citizens who defendant did not know were actually undercover law enforcement officers ("UC-4" and "UC-5," respectively), to discuss arranging a fraudulent marriage between UC-5 and a foreign national;
- On January 25, 2018, defendant met with WANG, UC-4, and UC-5 to discuss arranging fraudulent marriages between UC-4, UC-5, and foreign nationals;

**Co-Conspirator WU**

- On August 30, 2018, defendant introduced WU to UC-1 to discuss the fraudulent marriage between WU and UC-1;
- On August 31, 2018, defendant paid UC-1 $10,000 for her fraudulent marriage to WU;

**Co-Conspirator LIU**

- On September 28, 2018, defendant introduced UC-2 to LIU for the purpose of entering into a fraudulent marriage and filing a Form I-130 with United States Citizenship and Immigration Services ("USCIS");

- On May 16, 2019, defendant prepared a Form I-130 on behalf of UC-2 to be used in support of LIU's application for permanent resident status;
- On November 19, 2019, defendant coached LIU and UC-2 on how to pass their interview with USCIS by convincing USCIS that their marriage was legitimate;

**Co-Conspirator HAN**

- On October 16, 2018, defendant introduced UC-3 to HAN for the purpose of entering into a fraudulent marriage;
- On October 16, 2018, defendant paid $10,000 to UC-3 for entering into the fraudulent marriage with HAN; and
- On April 23, 2019, defendant HE met UC-3 at the Rosemead Public Library in Rosemead, California, assisted UC-3 in preparing the Form I-130 for HAN's application for permanent resident status, and told UC-3 that he would be paid $25,000 when HAN got her "Green Card" and $5,000 at the end of the immigration process.

## SENTENCING FACTORS

11.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds

11

appropriate up to the maximum set by statute for the crime of conviction.

12. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 11 | [U.S.S.G. § 2L2.1(a)] |
| Aggravating Role | +2 | [U.S.S.G. § 3B1.1(c)] |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Defendant and the USAO agree that there is no loss to any victims with respect to defendant.

13. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

15. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

    c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e. The right to confront and cross-examine witnesses against defendant.

f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

## ABANDONMENT OF DIGITAL DATA AND DIGITAL DEVICES

15. Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data from those digital devices and/or digital media before they are returned to defendant. Defendant further abandons all right, title, and interest defendant had in any of the digital devices seized by law enforcement officials in this case, which defendant admits are instrumentalities of defendant's offense.

## WAIVER OF APPEAL OF CONVICTION

16. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is

pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

17. Defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court, provided it is no more than the high-end of the Sentencing Guidelines range calculated by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (e) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is

pleading guilty is unconstitutional, that newly discovered evidence purportedly supports defendant's innocence, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

19. The USAO agrees that, provided all portions of the sentence are at or below the statutory maximum specified above, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

20. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

21. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

22. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.

If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

23. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

24. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

25. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

26. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///
///

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

27. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

NICOLA T. HANNA
United States Attorney

*Robert S. Trisotto*                    10/16/2020
ROBERT S. TRISOTTO                      Date
Assistant United States Attorney

[signature]                             10-16-2020
CHANG YU HE                             Date
Defendant

[signature]                             10-16-2020
ANTHONY SOLIS                           Date
Attorney for Defendant CHANG YU HE

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. This agreement has been read to me in ~~Mandarin,~~ ENGLISH A ~~the~~ language I understand ~~best~~ FLUENTLY. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No

18

promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____    _10-16-2020_
CHANG YU HE                     Date
Defendant

### CERTIFICATION OF INTERPRETER

I, _____, am fluent in the written and spoken English and Mandarin languages. I accurately translated this entire agreement from English into Mandarin to defendant CHANG YU HE on this date.

[section crossed out]

_____    _____
INTERPRETER                     Date

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am CHANG YU HE's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

19

1  To my knowledge: no promises, inducements, or representations of any
2  kind have been made to my client other than those contained in this
3  agreement; no one has threatened or forced my client in any way to
4  enter into this agreement; my client's decision to enter into this
5  agreement is an informed and voluntary one; and the factual basis set
6  forth in this agreement is sufficient to support my client's entry of
7  a guilty plea pursuant to this agreement.

8  _____       10-16-2020
9  ANTHONY SOLIS                     Date
   Attorney for Defendant CHANG YU HE